TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00419-CR







Willie Donnell Mitchell, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. CR93-0799-B, HONORABLE BARBARA WALTHER, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of aggravated assault and assessed punishment,
enhanced by a previous felony conviction, at imprisonment for twenty years. Act of May 22,
1991, 72d Leg., R.S., ch. 334, § 2, 1991 Tex. Gen. Laws 1380, 1381 (Tex. Penal Code Ann.
§ 22.02(a)(4), since amended). We will affirm.

 San Angelo police officer Kevin Deaver responded to an incident report at a house
on West 20th Street. In the house, the officer found Dora Mae Cherry bleeding from numerous
cuts and stab wounds. Cherry told Deaver that she was cut by appellant, with whom she lived. 
Deaver was familiar with Cherry and appellant based on previous domestic violence calls. Deaver
testified that Cherry's wounds were defensive in nature and did not appear to be self-inflicted. 
Deaver took photographs of Cherry and the inside of the house that were admitted in evidence.

 Dr. Ronald Thompson, the emergency physician who treated Cherry at Shannon
Hospital, testified that Cherry had numerous lacerations on her face, hands, and forearms. There
were injuries to the tendons of Cherry's hand and forearm and lacerations of the muscle of the
forearm that required treatment by an orthopedic surgeon. Thompson was also of the opinion that
the wounds were defensive and not self-inflicted.

 San Angelo police officer Randy Swick interviewed Cherry at the hospital. She
told him that appellant cut her "because she was trying to leave." She also told the officer that
"she carried a small knife in her bra and that she had drawn that knife to defend herself." Cherry
did not know the type of knife appellant used.

 Appellant gave Swick a written statement about two hours after the incident. In
his statement, appellant said that Cherry "started telling me that if I didn't go out and get her
drugs, that she was going to go out and kill herself, and then she had a knife, and she started
stabbing herself, and I tried to grab the knife, and I ended up getting cuts on my hands." Swick
testified that he saw no cuts on appellant's hands. A photograph of appellant's hands taken
following his arrest was admitted in evidence. 

 Appellant contends the district court erred by refusing to instruct the jury pursuant
to Penal Code section 9.34. Tex. Penal Code Ann. § 9.34 (West 1994). Section 9.34(a) provides
that a person is justified in using force against another when and to the degree he reasonably
believes the force is immediately necessary to prevent the other person from committing suicide
or inflicting serious bodily injury to herself. Section 9.34(b) provides that a person is justified
in using both force and deadly force against another when and to the degree he reasonably believes
the force or deadly force is immediately necessary to preserve the other person's life in an
emergency.

 No request for an instruction appears in the record. Tex. Code Crim. Proc. Ann.
arts. 36.14, 36.15 (West Supp. 1995). Appellant does not indicate whether the court should have
instructed the jury pursuant to subsection (a) or subsection (b). No error is presented in any
event. According to appellant's statement, Cherry's injuries were self-inflicted. There is no
evidence that appellant cut Cherry in an effort to prevent her suicide. If appellant's statement can
be construed as inferring that appellant accidentally cut Cherry while struggling with her, no issue
under section 9.34 is raised. Point of error one is overruled.

 In point of error two, appellant contends the prosecutor went outside the record
when he argued that appellant attacked Cherry with his knife and that Cherry pulled her own knife
in self-defense. Appellant voiced no objection to this argument. Tex. R. App. P. 52(a). The
argument was a reasonable deduction from the evidence even though the knife wielded by
appellant was not recovered. Point of error two is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: May 24, 1995

Do Not Publish